IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3075-FL

| | | |
|---|---|---|
| ELGIN MELSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN JOHNSON, SERGEANT | ) | |
| WELLS, DEWAYNE GREEN, and | ) | |
| DUSTY KELLEY. | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 22), which was fully briefed. Also before the court are plaintiff's unopposed motions to amend (DE 24, 26) and motion to appoint counsel (DE 25). Finally, the action is before the court on plaintiff's failure to obtain service on defendant Sergeant Wells in accordance with Federal Rule of Civil Procedure 4(m). In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On April 8, 2013, plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 against defendants Captain Johnson ("Johnson"), Sergeant Wells ("Wells"), Dewayne Green ("Green"), and Dusty Kelley ("Kelley"). Plaintiff alleges that defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution on August 14, 2011.

On January 27, 2014, Green, Johnson, and Kelley filed a motion to dismiss, arguing that plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. Plaintiff subsequently filed a motion to amend his complaint, an amended complaint, and a motion to appoint counsel.

**DISCUSSION**

A.      Motion to Amend

Plaintiff sought leave to amend his complaint to supplement his allegations on February 20, 2014, and filed his proposed amended complaint on April 16, 2014.[1] Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a).

Plaintiff filed his motion to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading. Thus, plaintiff's motion to amend is ALLOWED as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013) ("[T]he doctrine of futility only applies when the plaintiff seeks leave of court to amend and does not have a right to amend. The plaintiff's right to amend once is absolute.") (quotation omitted). Because the court has granted plaintiff leave of court to amend his complaint, the pending motion to dismiss is DENIED as MOOT.

---

[1] The court's docket reflects that plaintiff filed two motions to amend (DE 24, 26). However, plaintiff's pleadings reflect that plaintiff filed a motion for leave to file an amended complaint on February 20, 2014 (DE 24), and then filed his proposed amended complaint on April 16, 2014 (DE 26). Accordingly, there only is one pending motion to amend (DE 24).

B.      Frivolity Review

The court now conducts a frivolity review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The facts asserted in plaintiff's amended complaint are summarized as follows. Plaintiff's amended complaint relates to an issue that arose on August 14, 2011, while he was incarcerated as a pretrial detainee on Central Prison's segregation unit. On this date, plaintiff witnessed the beating of fellow inmate Yori Wilson, and then began kicking his cell door in an effort to bring the assault to an end. In response to the kicking, Johnson went to plaintiff's cell and ordered that plaintiff be placed in full mechanical restraints. Plaintiff describes full mechanical restraints as waist chain, leg cuffs, and handcuffs over a "black box" and pad lock. Plaintiff then was removed from his cell.

After prison officials removed plaintiff's property from his cell, defendants Green, Kelley, and Wells escorted plaintiff back to plaintiff's cell and removed all of the restraints except for

3

plaintiff's shackles and leg cuffs. When plaintiff asked Green, Kelley, and Wells why plaintiff was being left in shackles, the officers responded that Johnson had instructed them to leave the shackles on so that plaintiff could not continue to kick the door. Defendants Green, Kelley, and Wells proceeded to threaten plaintiff, stating the plaintiff better not complain about the leg cuffs or he would be beaten like inmate Yori Wilson.

Over the next three days, plaintiff states that his leg restraints tightened every hour because defendants intentionally did not apply the "double lock," which would have prevented the restraints from tightening. When plaintiff complained to correctional officers about the restraints, the officers responded that "they did not put [plaintiff] in restraints and were not to take him out-order of Captain Johnson." (Am. Compl. p. 6.) Plaintiff became afraid to move fearing that the leg cuffs would clamp down tighter. At no time during the three days did defendant Johnson follow up or instruct staff to remove the restraints or have a medical staff member check on his well being.

Plaintiff states that by August 17, 2011, the leg cuffs had tightened to an extent that they impaired his blood circulation. As a result, plaintiff lost feeling in his feet, causing him to fall to the floor when he attempted to get out of bed. Plaintiff was rendered unconscious after the fall, and remained unconscious until he was discovered by staff.

Based upon the above-stated facts, plaintiff alleges that Johnson, Green, Kelley, and Wells violated his rights pursuant to the Eighth Amendment to the United States Constitution. Plaintiff is ALLOWED to proceed with the Eighth Amendment claim he set forth in his amended complaint.

C.      Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds,

518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

D.      Failure to Obtain Service on Wells

Plaintiff has been unable to obtain service upon Wells within the one hundred twenty (120) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff's initial attempt at service was returned un-executed. On November 14, 2013, the court directed the Division of Adult Correction of the Department of Public Safety ("DPS"), or in the alternative, the North Carolina Attorney General to provide the court with the full name and last known address for Wells. On November 19, 2013, DPS, through its counsel the North Carolina Attorney General, responded and provided the court with Wells' home address. Service on Wells again was attempted and the summons was returned un-executed on December 18, 2013. Based upon the foregoing, the court DIRECTS plaintiff to show cause within fourteen (14) days to state why this action should not be dismissed without prejudice for failure to obtain service upon Wells within the one hundred twenty (120) day time period required by Rule 4(m).

## CONCLUSION

For the foregoing reasons, the court rules as follows:

      (1)     Plaintiff's motions to amend (DE 24, 26) are GRANTED;

      (2)     Plaintiff's motion to appoint counsel (DE 25) is DENIED;

      (3)     Defendants' motion to dismiss (DE 22) is DENIED as MOOT;

      (4)     Plaintiff is ALLOWED to proceed with his amended complaint;

      (5)     Plaintiff is DIRECTED to show cause within fourteen (14) days as to why he failed to obtain service on defendant Wells in accordance with Rule 4(m). Failure to respond to the court's order will result in dismissal of Wells from this action without prejudice;

      (6)     The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 4th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

6